IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

Crim. No. S-06-0058 FCD

vs.

IOSIF CAZA, et al.,

    Defendants.

ORDER

_____/

On February 23, 2009,[1] the court heard argument on the motion to compel discovery brought by defendant Jagprit Singh Sekhon. Michael Stepanian and Randy Sue Pollock, Esq. appeared for Jagprit Singh Sekhon; Ms. Pollock also stood in for Jai Gohel, who represents Luciana Harmath. David W. Dratman, Esq. appeared for Jagdip Singh Sekhon; Clyde Blackmon, Esq. appeared for Manjit Kaur Rai, and Timothy Zindel, Assistant Federal Defender

---

[1] The motion was filed on Thursday and set on Monday's calendar; it was not accompanied by a motion shortening time. See Local Rule 12-430. The government did not formally object to the shortened time for hearing, and filed an opposition addressing the substance of the motion.

1

appeared for Iosif Caza.[2] The defendants were not present, consonant with their waivers of appearance. Benjamin Wagner, Assistant United States Attorney, appeared for the government.

The defendants, lawyers and others associated with the Sekhon Law Firm, are alleged to have conspired to make false statements in asylum applications, among other things. The case is set for trial on March 10, 2009 in front of the Honorable Frank C. Damrell, Jr.

Defense counsel has asked for a variety of materials about CI-18, who is also identified as David Chisca; specifically, they request Chisca's complete A-file and his Romanian criminal record. They argue that a typical A-file contains hundreds of pages of documents, yet they have been provided with only thirty pages from Chisca's file.

Counsel's motion also seeks updated A-file materials concerning witnesses Gheorghe Dan David, Crina Cherasin, Parmjit Kaur, Alina Contis and Ana Maria Contis. At hearing, Ms. Pollock said these were simply representative names and that the defense wants updated materials on all the former Sekhon clients who will be called as witnesses, a total of thirteen not including Mr. Chisca. Counsel argue that the witnesses' applications to remain in this country and any documents reflecting other benefits, whether or not specifically provided as benefits for their testimony in this case, will show the witnesses' frame of mind, which will be useful in cross-examination. They also suggest that because the witnesses have not been deported, there must be additional requests and applications that should be disclosed.

The government argues it has met its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), and that the defense argument is based on speculation that such materials exist. The government has agreed to provide the defense with copies of Parmjit Kaur's and Ana Maria Contis's applications for lawful permanent resident status by Wednesday, February 25.

---

[2] This motion was filed by Jagprit Singh Sekhon. Because no formal joinders have been filed by the other defendants, the court construes their appearance at the hearing as their request to join the motion.

2

1    In Brady v. Maryland, 373 U.S. 83, the Supreme Court recognized a prosecutor's
2 constitutional obligation to provide exculpatory evidence to the defense whether substantive or
3 for impeachment purposes, when such evidence is "material" to the defense and in possession of
4 the government. See also Giglio v. United States, 405 U.S. at 154-55 (disclosure of
5 impeachment information). The government is obligated to turn over "all material information
6 casting a shadow on a government witness's credibility." United States v. Bernal-Obeso, 989
7 F.2d 331, 334 (9th Cir. 1993); see also United States v. Blanco, 392 F.3d 382, 387 (9th Cir.
8 2004). Nevertheless, "mere speculation" about the contents of the government's files is not
9 sufficient to give the defense access to the government's files under Brady. United States v.
10 Michaels, 796 F.2d 1112, 1116 (9th Cir. 1986). Moreover, Brady does not require the
11 government "to gather information or conduct an investigation on the defendant's behalf."
12 United States v. Tadros, 310 F.3d 999, 1005 (7th Cir. 2002).

13    The government's obligation extends to those agencies that are part of the
14 prosecution or investigation process. See United States v. Santiago, 46 F.3d 885, 893 (9th Cir.
15 1995) (Bureau of Prisons files on inmate informant within government's possession for purposes
16 of Rule 16); compare United States v. Velte, 331 F.3d 673, 680 (9th Cir. 2003) (no Brady
17 obligation to provide humidity report in arson case because it was produced by a weather station
18 not acting on the government's behalf). Materials from a witness's immigration file may be
19 Brady or Giglio material, but speculation that the file contains such material is not sufficient for
20 an order directing disclosure. United States v. Navarro, 737 F.2d 625, 630-31 (7th Cir. 1984).

21    The defense has not made a sufficient showing or offered even a nominal
22 description of the specific sorts of records it believes should be part of the witnesses' A-files and
23 that might be useful for impeachment. Nor has it shown it will be hampered in asking what
24 benefits each witness believes he or she will receive for cooperating with this prosecution.
25 United States v. Oliveros, 275 F.3d 1299, 1307 (11th Cir. 2001) ("When it comes to a witness'
26 motive to lie. . . what counts is not the actual extent of the benefit the witness has received or will

receive, but the witness' belief about what he is getting."); compare Bell v. Bell, 512 F.3d 223, 233 (6th Cir.), cert. denied, __ U.S. __, 129 S. Ct. 114 (2008) (witness's expectation of future benefit is not determinative of question whether a tacit agreement, subject to disclosure, exists).

Similarly, the defense has failed to show that the government has access to Chisca's criminal record in Romania, if any exists, or to suggest what sorts of documents his A-file might contain that would qualify as Brady or Giglio material.

IT IS THEREFORE ORDERED:

1. The government shall provide the defense with Parmjit Kaur's and Ana Maria Contis's applications for lawful permanent resident status by February 25, 2009; and

2. The motion to compel discovery (doc. no. 171) is denied in all other respects.

DATED: February 24, 2009.

_____
U.S. MAGISTRATE JUDGE

2 sekh0258.dsc

4