UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JAGDIP SINGH SEKHON, MANJIT KAUR RAI,<br><br>Movants. | No. 2:06-cr-0058-JAM-EFB P<br><br><br>ORDER AFTER HEARING |

On January 9, 2019, this action was on calendar for a hearing as to movant Sekhon's motion for discovery (ECF No. 792). Attorney Erin Radekin appeared on behalf of movant Sekhon and specially appeared for attorney Kresta Daly on behalf of movant Rai. Assistant United States Attorneys Jeremy Kelley and Victoria Boesch appeared on behalf of the government. Attorney Babineau represented that, as before, she had not had any recent contact with her client, Ranbir Khera.

For the reasons stated on the record, IT IS HEREBY ORDERED that:

1. Movant's motion for discovery (ECF No. 792) is GRANTED in part as follows:

    a. Movants may depose Agent Webster for a period of **two hours**; Officer Guadamuz for **two hours**; and Officer Villalon for **one hour**.

1

               i. All documents relevant to the foregoing depositions must be noticed thirty days in advance of the deposition.
- b. Movants may serve the single interrogatory discussed at the hearing on Special Agent Edwin Roach.
- c. With respect to Department of Motor Vehicle ("DMV") records for Khera and Kaur, movants may identify specific dates which they deem relevant and seek to serve a subpoena effecting production of the documents relating to those dates. This finding does not impose any discovery obligation on the respondent.
- d. Movant may serve subpoenas for W-2 forms for Khera and Kaur which pertain to the years in question in this action, but the court declines to pre-judge any opposition or motion to quash the subpoenas that might be later be presented by the of Internal Revenue Service ("IRS"). As was noted at the hearing, the prosecution considers the IRS a third party for purposes of the instant motion and the IRS is not a party to this action. Certain statutory protections and procedures may apply to production of documents movants seek and the court makes no finding at this time whether movants have or will be able to satisfy those statutory requirements. The IRS may or may not choose to challenge the subpoenas with an appropriate motion.
- e. Movant's motion for discovery is DENIED in all other respects.

2. Pursuant to the parties' representations as to readiness, the evidentiary hearing currently set for April 15, 2019 is continued to September 16, 2019, at 9:30 a.m.
    - a. In light of the foregoing continuance, the parties shall produce their witness lists and any witness statements by July 1, 2019.
    - b. Two weeks prior to the hearing, movants shall file their trial brief; the government's brief is due one week prior to the hearing.
    - c. Two weeks prior to the hearing, Ms. Babineau will represent to the court whether she has had any success in contacting her client, Ranbir Khera.

        d. Hearing on the show cause order directed to Mr. Khera is continued to September 16, 2019. He is ordered to appear on that date and show cause why he should not be sanctioned for failure to previously appear as ordered and for failure to appear at his deposition.

3. The stipulation and proposed protective and non-disclosure order (ECF No. 796) is approved concurrently, in its entirety, and the terms set forth therein are ordered pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and the Court's general supervisory authority.

4. The Clerk of Court shall serve a copy of this order on Ms. Babineau at kbabineau@klblawoffice.net.

DATED: January 9, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE