UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:06-cr-0058-JAM-EFB P |
| Respondent, | |
| v. | ORDER |
| JAGDIP SINGH SEKHON, MANJIT KAUR RAI, | |
| Movants. | |

On February 12, 2021, the court directed the parties to file status reports containing, among other things, witness lists and possible dates for an evidentiary hearing. ECF No. 902. The court also permitted the government to include arguments for limiting the scope of the evidentiary hearing in its report. *Id.* at 2. The parties have filed their reports and briefing. ECF Nos. 904 & 905. The government argues that only Sarbjit Kaur's testimony should be heard at the evidentiary hearing.[1] ECF No. 905 at 1. Movants oppose narrowing the hearing. ECF Nos. 906 & 908. The government has filed a reply in which it argues that movants' claims are procedurally defaulted. ECF No. 910. For the reasons stated hereafter, the court will narrow the

---

[1] The government also proposes to call Agent Webster as a rebuttal witness if Kaur's testimony at the evidentiary hearing is inconsistent with her declaration from 2020. ECF No. 905 at 2. It asserts that no expert witness testimony is necessary, but reserves its right to call Yu-Wen Oscar if Don Riding is permitted to testify for the movants. *Id.*

scope of the hearing, but not to the extent the government urges. It also declines to find movants' claims procedurally defaulted at this stage.

### I. Scope of the Hearing

At the hearing on the motion for summary judgment, the court stated that it was important to hear from Webster, Guadamuz, and Villalon. ECF No. 901 at 16. It described having these officers testify and determining whether Khera was granted an undisclosed benefit as "the reason why we're having the evidentiary hearing." *Id.* at 15-16. This conclusion is in line with its 2016 order that originally set an evidentiary hearing in this matter. ECF No. 671. In that order, the court concluded that, in addition to resolving the questions surrounding the purported meeting between Kaur, Khera, and Webster, it was important to understand the process by which Khera came to be granted permanent residence. *Id.* at 10. For those same reasons, the court declines the government's proposal to have a hearing at which only Kaur testifies.

However, considering movants' representation that they do not intend to call Kaur, the court does not anticipate hearing testimony from their lengthy list of rebuttal witnesses in the event the government calls Kaur.[2] ECF No. 904 at 5. If the government does call Kaur, the court reserves ruling on whether the movants may call one of more rebuttal witnesses until after hearing Kaur's testimony.

The court also finds it unnecessary to hear from trial counsel at the evidentiary hearing. Benjamin Wagner, Camil Skipper, and Kyle Reardon represented the government at trial. David Dratman represented movant Sekhon at trial. Nothing in the record convinces the court that any of these witnesses is likely to have insight, beyond what they have already offered via responses

/////
/////
/////
/////

---

[2] Movants have stated that, if the government calls Kaur, they may call Mary Elizabeth Greenberg, Kelly Whitney, Alexandra McClure, Jaspreet Singh, Jaspreet Bansal, Maribel Diaz, Mishall Dhillon, and Jaspinder Khera in rebuttal. ECF No. 904 at 5.

to interrogatories,[3] into the two pertinent questions — whether Webster met with Kaur and Khera and what circumstances led to the favorable adjudication of Khera's A-file.

Thus, the parties may call the following witnesses:

(1) Ranbir Khera (in the unlikely event he is available to testify);

(2) Carol Webster;

(3) Carlos Guadamuz;

(4) Brigido Villalon;

(5) Don Riding;

(6) Yu-Wen Oscar;

(7) Sarbjit Kaur; and

(8) Frank Huntington.

**II.     Procedural Default**

The government raises a second argument in its reply. It notes that movants have indicated that they no longer intend to call Kaur at the hearing. ECF No. 910 at 1. The government argues that Kaur's testimony, which was not presented at trial, was the only factor enabling movants to skirt procedural default. *Id.* at 1-2. A section 2255 movant procedurally defaults claims that could have been, but were not, raised on direct appeal. *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985) ("Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal."). Failure to raise claims on direct appeal may be excused where a movant shows (1) cause excusing the default, and (2) actual prejudice resulting from the defaulted errors raised in his section 2255 motion. *See United States v. Frady*, 456 U.S. 152, 168 (1982); *Bousley v. United States*, 523 U.S. 614, 622 (1998).

/////

---

[3] In an August 2018 order, the court denied movants' request to depose the government prosecutors, but allowed them to submit written interrogatories to Wagner, Skipper, and Reardon as to "(1) what steps they took to investigate Judge Damrell's concerns about Ranbir Khera's favorable status adjustment; and (2) what information (if any) their investigative efforts unearthed." ECF No. 780 at 2.

1     The court will not find movants' claims procedurally defaulted at this time.  Even if
2 movants no longer intend to call Kaur as a witness at the hearing, her initial declaration that
3 contradicted Webster's testimony has not been withdrawn.  The credibility determinations that
4 need to be made as to Kaur's original assertions in light of her more recent equivocations are
5 better resolved in context of all other testimony.  Additionally, the court finds the limited briefing
6 on this argument inadequate.  The government's status report argued procedural default in a short
7 footnote.  ECF No. 905 at 6.  Unsurprisingly, movants did not address the argument in their
8 responses.  The government gave full voice to the procedural default argument in its reply, once it
9 became clear that movants did not intend to call Kaur.  ECF No. 910 at 1.  Movants were not
10 entitled to a surreply.  Accordingly, following the evidentiary hearing, the court will set a
11 schedule for post-hearing briefing for the parties to address this argument as well as the testimony
12 of the witnesses as it relates to all other issues.

13     The evidentiary hearing is now SET for May 17, 2021 at 10:00 a.m. in Courtroom No. 8.
14 The hearing is currently scheduled via Zoom.  However, if the U.S. Courthouse is reopened prior
15 to the May 17th evidentiary hearing, the court may issue a further order on whether the hearing
16 should occur in person in the courtroom.  The matter has been calendared for two and one-half
17 days.

18     SO ORDERED.

19 DATED: March 25, 2021.

                                   EDMUND F. BRENNAN
20                                    UNITED STATES MAGISTRATE JUDGE